## STANNARD v. ROBERT H. REID & CO.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

CORPORATIONS—ACTION AGAINST AFTER DISSOLUTION.

In an action against a corporation on a contract, evidence that defendant had been voluntarily dissolved and placed in the hands of receivers was no defense, but it was incumbent on it to show that a dissolution was a necessity, because of the financial condition of the corporation, and hence where it appeared that the receivers within a few days after their appointment obtained authority to carry out contracts, but that they repudiated the contract with plaintiff, and that the property was shortly restored to the corporation and the receivers discharged, and the order appointing them vacated, it was error to dismiss the complaint.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, § 2482.]

Appeal from Trial Term, New York County.

Action by Ambrose B. Stannard against Robert H. Reid & Co., a corporation. From a judgment dismissing the complaint on the merits, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Lyman A. Spalding, for appellant.
Robert Goeller, for respondent.

HOUGHTON, J. The plaintiff had a contract with the United States government to erect a courthouse and post-office building in the city of Elmira. The defendant corporation, through its president entered into a contract with him to do the marble work and lay the floors therein. This contract specified that the defendant should so prepare the marble, presumably at its factory, for setting, that the entire work might be completed 60 days after notice that the building had so far progressed as to be ready for that part of the work. Before the building had arrived at this stage the defendant corporation went into voluntary dissolution and temporary receivers were appointed who were given by the court, power to complete the contracts of the corporation. Correspondence was had between the plaintiff and the receivers with respect to fulfilling the contract on the part of

defendant, which resulted, however, in the receivers giving notice to the plaintiff on the 17th of October, 1902, that they would not complete the contract because it was an undesirable one and liable to result in loss, and in a notice by the plaintiff on the following day that by reason of this default he would relet the contract and hold the defendant for any excess of cost. This he did and brings this action to recover such excess.

The trial court dismissed the plaintiff's complaint on the ground that the appointment of the receivers of the defendant corporation excused and prevented performance by defendant, and relieved it from liability for damages resulting from the breach. It appeared further with respect to the receivership, that on the 7th day of February, 1903, just one year after the receivers were appointed, that the court discharged them upon turning over all of the property of the corporation to it, and vacated and set aside the order appointing them. We think the defendant corporation was not as matter of law prevented or excused from performing the contract in question by the appointment of the receivers in the proceeding for voluntary dissolution, or relieved from liability for damages for its breach. The effect of the voluntary dissolution of a corporation upon its contracts, was exhaustively discussed by this court in Mason v. Standard Distilling Co., 85 App. Div. 520, 83 N. Y. Supp. 343, and it was there held that whether or not such dissolution relieved the corporation from liability upon its contracts was a question of fact to be determined upon all the circumstances attending such dissolution, and the propriety thereof because of its financial condition; and that if a corporation was voluntarily dissolved for the purpose of evading its undesirable contracts and not because of necessity therefor, the act amounted to a fraud and the corporation was estopped from setting up such dissolution as a defense to breach of contracts on its part.

The case of the People v. Globe Mutual Life Ins. Co., 91 N. Y. 174, relied upon by the respondent, is there commented upon, and it is pointed out that it there appeared that the act of dissolution was brought about by the sovereign power, which the corporation could not control, and not by any act of the corporation itself. The same principle is enunciated in Lorillard v. Clyde, 142 N. Y. 456, 37 N. E. 489, 24 L. R. A. 113, where the plaintiff was not permitted to recover for breach of contract, because he himself had instigated the action in behalf of the people which brought about the dissolution, and was the responsible cause of it; and hence could not assert that it was not a necessity. So far as appears from the record the proceedings for the dissolution of the defendant were wholly voluntary and not brought about in any particular by the plaintiff. The receivers within a few days after their appointment, obtained authority from the court to carry out the contracts of the corporation, and, presumably proceeded to carry out such as they deemed profitable, repudiating that of plaintiff which they deemed unprofitable. After the receivers had relieved the corporation as they supposed, from its obligation under the unprofitable contract with plaintiff, the property of the corporation was shortly restored to it and the receivers discharged and the

order appointing them vacated. This state of facts raises a fair presumption that the financial condition of the corporation did not make its dissolution a necessity, but rather that such dissolution was a temporary expedient for the purpose of relieving it from an undesirable obligation. The mere proof on the part of the defendant that it had been voluntarily dissolved was not sufficient to relieve it from the obligation of its contracts. It was incumbent upon it to go further, and to show that a dissolution was a necessity because of the financial condition of the corporation. This was not done; and hence the dismissal of the plaintiff's complaint was error.

The respondent insists that the contract was not made by one having authority to act for the corporation. The trial court assumed that the contract was properly executed. That question and the others relied upon by the defendant may not again arise, and we deem it unnecessary for us at this time to pass upon them. The case was tried and decided upon the theory that the bare dissolution relieved the corporation from the performance of its contract with plaintiff. Upon that theory the complaint was wrongly dismissed and justice will be best subserved by directing a new trial when all the facts with respect to the dissolution can be developed, and where it can be determined whether or not the dissolution was a necessity, and whether defendant was bound by the contract as originally made, or whether it ratified it, if unauthorized, and if valid and defendant not excused from performance what, if any, damages the plaintiff sustained by the breach.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur.